Def

| Circuit Court Montgomery County Clarksville Tennessee | **CIVIL SUMMONS** | Case Number CC-21-CV-1055 MC CC CV |

ERIKA WOLFE and husband RICK WOLFE vs. KOHL'S, INC.

Serve On:
Name: KOHL'S, INC.
Address: c/o Corporate Creations Network, Inc. 205 Powell Place, Brentwood, TN 37027-7522

Serve By: ___ Montgomery Co Sheriff's Dept ___ Secretary of State ___ Comm of Insurance ✓ Other (Specify) Certified Mail

You are hereby summoned to defend a civil action filed against you in Circuit Court, Montgomery County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: 6/8/2021

Wendy Davis Clerk / Deputy Clerk

Attorney for Plaintiff: Peter M. Olson, Esq., Pete Olson Law,
114 Franklin Street, Clarksville, Tennessee 37040

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state case number on list.

## CERTIFICATION (IF APPLICABLE)

I, Wendy Davis Circuit Court Clerk of Montgomery County, Tennessee, do certify this to be a true and correct copy of the original summons issued in this case.

Date: 6/8/2021

Wendy Davis Clerk / Deputy Clerk

**SERVICE RETURN:** Please execute this summons and make your return within ninety days of issuance as provided by law.

I certify that I have served this summons and complaint as follows: _____

I certify that I was unable to serve the summons and complaint because: _____

Date: _____ By: _____
Officer, Title/Process Server

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Plaintiff's Attorney (or Person Authorized to Serve Process)

SWORN TO AND SUBSCRIBED BEFORE ME
THIS _____ DAY OF _____, 20____.

Notary Public / Deputy Clerk (Comm. Expires _____)
(Attach return receipt on back)

ADA – If you have a disability and require assistance, please contact the ADA Coordinator at 931-920-1844

PLEASE TAKE NOTICE THAT PURSUANT TO T.C.A. § 20-2-203(a) YOU MAY BE SUBJECT TO APPEARANCE IN A PRE-TRIAL DISCOVERY DEPOSITION

EXHIBIT 1

RECEIVED OF GIVING JUN 07 202

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY
19TH JUDICIAL DISTRICT, CLARKSVILLE, TENNESSEE

ERIKA WOLFE and husband, )
RICK WOLFE, )
 )
    Plaintiffs, )
 )
vs. )
 )
KOHL'S, INC., )
 ) No: CC-21-CV-1055
    Defendant. )

## COMPLAINT

Come the Plaintiffs to sue the Defendant as follows:

### I. Parties, Jurisdiction and Venue

1. Defendant Kohl's, Inc., (hereinafter "Kohl's") is a foreign for profit corporation, maintaining a place of business in Clarksville, Montgomery County, Tennessee known as Kohl's, located at 2840 Wilma Rudolph Boulevard, Clarksville, Tennessee 37040. Kohl's is department store who invites the public to shop and purchase from their wide selection of brand name clothing, accessories, beauty supplies, jewelry, home furnishings, toys, appliances and electronics. The registered agent for Defendant Kohl's is Corporate Creations Network, Inc., 205 Powell Place, Brentwood, Tennessee 37027-7522.

2. Plaintiffs Erika Wolfe and husband Rick Wolfe are wife and husband, and citizens and residents of Clarksville, Montgomery County, Tennessee.

3. Jurisdiction and venue are proper before this Honorable Court because this is a civil action seeking unliquidated damages as a result of tortious conduct of the Defendant, and damages resulting to the Plaintiffs, all of which occurred within the municipal boundaries of Clarksville, Montgomery County, Tennessee.

## II. Factual Allegations

4. Defendant Kohl's is a multi-department store chain for-profit retailer selling clothes and other personal property.

5. Defendant Kohl's department stores are open to the public and invite people to come shop their personal items that are for sale.

6. Defendant Kohl's department stores place all personal items that are for sale on shelves, lifted high off the floor.

7. Either an employee of Defendant Kohl's spilled a substance on the Kohl's department store floor, or otherwise a substance was spilled and observed or should have been observed by an employee of Defendant Kohl's department store located at 2840 Wilma Rudolph Boulevard, Clarksville, Tennessee 37040.

8. On or about May 12, 2021, Plaintiff Erika Wolfe was injured while a patron invite

9. Plaintiff Erika Wolfe walked towards the bathroom at Kohl's.

10. Plaintiff Erika Wolfe slipped and fell in the clear liquid which was on the floor by the jewelry counter and jewelry stand, in between the jewelry and beauty departments.

11. Plaintiff Erika Wolfe's left heel slipped in the liquid and her left leg went out from under her.

12. Plaintiff Erika Wolfe fell from a standing position landing on the perfume rack fixture on her left side, and landed in the "splits."

13. Plaintiff Erika Wolfe suffered injuries as a result of the fall.

14. Plaintiff Erika Wolfe suffered a full tear and partial tear in the tendons located in the upper portion of the left leg near the hip, which may require surgery.

15. Plaintiff Erika Wolfe also suffered contusions to her hand, wrist, elbow, bilateral knees, and scrapes on back of her arm.

16. The clear liquid on the floor was not reasonably open or obvious to the Plaintiff

2

Erika Wolfe.

17. There was no warning to draw the attention of Plaintiff Erika Wolfe to the clear liquid on the floor.

18. There was no barricade to prevent Plaintiff Erika Wolfe from stepping into the clear liquid that was on the floor.

19. Clear liquid on the hard floor was a slip hazard to the patrons.

20. Slip hazards are dangerous conditions.

21. The Defendant created the dangerous condition prior to the Plaintiff's fall.

22. The Defendant had actual notice of the dangerous condition, prior to Plaintiff's fall.

23. The Defendant had constructive notice of the dangerous condition, prior to Plaintiff's fall.

24. The Defendant placed no warning signs.

25. The Defendant did not barricade customers from the danger on the floor.

26. The Defendant did not fix or remove the condition prior to the Plaintiff's fall.

27. Plaintiff Erika Wolfe reasonably did not observe the danger on the floor, while walking to the bathroom, as no ordinarily prudent patron in the department store would have been on notice to observe the danger on the floor.

28. Plaintiff Erika Wolfe suffered serious bodily injury as a result of her fall, including but not limited to a full tear and partial tear in the tendons located in the upper portion of her left leg near the hip, requiring treatment including possible surgery, general and special damages, and other harms and losses resulting therefrom.

29. Plaintiff Erika Wolfe will retain a permanent injury and/or impairment.

30. All of Plaintiff Erika Wolfe's harms and losses were a direct and foreseeable result of the Defendant allowing the dangerous defect to remain on their property, as described herein.

31. Plaintiff Rick Wolfe suffered the loss of consortium due to the injuries caused to his wife, Plaintiff Erika Wolfe.

32. Defendant maintained and operated security video cameras both inside and outside the building, which captured video tape images of the following:

    a. Plaintiff Erika Wolfe as she approached and entered the department store;

    b. Plaintiff Erika Wolfe as she walked within the department store;

    c. Plaintiff Erika Wolfe's fall;

    d. Plaintiff Erika Wolfe's actions after the fall;

    e. All relevant actions of the Defendant's employees and managers; and

    f. The actor(s) and/or cause of the spill, and the substance spilled.

## IV. Legal Allegations

33. As a for-profit retail department store, Defendant Kohl's department stores represent to their customers and the public as a whole that the floors will be kept safe.

34. Clear liquid on the floor is known by the Defendant to be a dangerous slip hazard for its patrons.

35. Clear liquid on the floor poses a foreseeable risk of injury to customers.

36. Clear liquid on the floor is a dangerous condition.

37. Defendant created the dangerous condition of the clear liquid on the floor.

38. Defendant was aware that there was clear liquid on the floor.

39. The clear liquid was on the floor for a sufficient period of time and under circumstances the Defendant should have known that the liquid was on the floor.

40. Defendant had actual and/or constructive knowledge the clear liquid was on the floor.

4

41. Defendant failed to place warning or otherwise barricade patrons from the dangerous condition.

42. Defendant failed to use reasonable care, because they allowed a dangerously defective condition to remain on its property, while having actual and/or constructive notice of the dangerous condition and the foreseeable risk of harm to its customers, and thereafter failed to remove, repair, or otherwise provide adequate warning and/or barricade to ensure customer safety.

43. Clear liquid on the floor, especially near the perfume counter, is foreseeable, and the Defendant either lacked a policy, or did not follow their policy and procedure concerning correcting and making safe dangerous spills on the floor.

44. Defendant may never allow a clear liquid to be on their floor, unless it cannot be reasonably removed, and then the Defendant must provide adequate warning and/or barricading for customer safety.

45. Plaintiff Erika Wolfe used reasonable care for her own safety at the time she suffered her injuries.

46. Plaintiff Erika Wolfe exercised that care that a reasonably prudent patron shopper in her shoes would have under the same circumstances.

47. The clear liquid on the floor was not readily visible to the Plaintiff as she approached, such that she was unable to alter her path so as to avoid the dangerous condition.

48. No reasonable customer exercising ordinary care would have observed the clear liquid if acting as Plaintiff Erika Wolfe under the then circumstances, so as to be able to alter their path to avoid the dangerous condition.

49. It is reasonable for a customer to look at the merchandise for sale on the shelves rather than at the floor while walking and shopping in a Kohl's department store.

50. It is reasonable for a customer to trust that the Defendant will keep their floors safe from unreasonable and unnecessary dangerous conditions, such as clear liquid on the floor.

5

51. The Defendant placed no warning signs Plaintiff Erika Wolfe should have observed that would have prevented her injuries.

52. The Defendant placed no barriers Plaintiff Erika Wolfe should have observed that would have prevented her injuries.

53. Defendant Kohl's bears one hundred (100%) percent comparative fault concerning Plaintiff's fall and resulting harms and losses.

54. Plaintiff Erika Wolfe is without any degree of fault concerning this claim.

55. As a direct and proximate result of the negligence of Defendant Kohl's, Plaintiff Erika Wolfe incurred past and will continue to incur future general and special damages and other harms and losses related to bodily injury, for which she is entitled to receive money in an amount that will fairly and reasonably compensate for all harms and losses, and otherwise deter and punish such reckless or grossly negligent conduct.

56. As a direct and proximate result of Plaintiff Erika Wolfe's injuries, her husband Plaintiff Rick Wolfe has suffered consortium damages, for which he is entitled to compensation.

## V. Prayers for Relief

WHEREFORE, Plaintiffs pray:

1. Process issue and the Defendant be required to answer within the time allowed by law;

2. For the trier of fact to hear this matter;

3. For the trier of fact to find that the Plaintiff Erika Wolfe acted with reasonable care for her own safety, under the circumstances, and that the Plaintiff is without fault;

4. The trier of fact determine the Defendant to have negligently maintained an unreasonable and dangerously defective condition on their property, which is that they failed to use due care;

5. The trier of fact find that the Defendant had actual and/or constructive knowledge of the dangerous condition, such that the should have acted to prevent this injury;

6. The trier of fact determine as a direct and proximate result of the negligence of the Defendant, Plaintiffs have suffered general and special damages resulting to personal injuries, and other related harms and losses;

7. Award Plaintiff Erika Wolfe compensatory damage in that amount which reasonably compensates Plaintiff Erika Wolfe for all harms and losses suffered, said amount to be determined by the trier of fact, and at this time is stated an amount not to exceed three hundred fifty thousand ($350,000.00) dollars;

8. Award Plaintiff Rick Wolfe compensatory damages in that amount which reasonably compensates Plaintiff Jonathan Godwin for all loss of consortium suffered, said amount to be determined by the trier of fact, and at this time is stated an amount not to exceed seventy-five thousand ($75,000.00) dollars; and

9. All court and discretionary costs in this matter be taxed to the Defendant.

Respectfully submitted,

PETER M. OLSON #14977
PETE OLSON LAW
114 Franklin Street
Clarksville, Tennessee 37040
(931) 906-0080
pete@peteolsonlaw.com
Attorney for Plaintiffs

## COST BOND

dollars.
        I AM SURETY FOR COSTS in this matter not to exceed five hundred ($500.00)

_____
PETER M. OLSON, Individually and on behalf of Pete Olson Law

15749:COMPLAINT.604

8

JUN 1 4 2021